KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
MATAN SHACHAM - # 262348
mshacham@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
SPENCER MCMANUS - # 322824
smcmanus@keker.com
ROBYN PARISER - # 335017
rpariser@keker.com
JONHATAN A. ARAGON - # 338756
jaragon@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant LINKEDIN CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| L. W. A., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LINKEDIN CORPORATION,<br><br>Defendant. | Case No.<br><br>**DEFENDANT LINKEDIN CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Removed from the Superior Court of the State of California for the County of Santa Clara<br><br>Complaint Filed:     October 22, 2024<br><br>Action Removed:     November 25, 2024<br><br>**DEMAND FOR JURY TRIAL** |

DEFENDANT LINKEDIN CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION
Case No.

2828625.v4

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION AND TO PLAINTIFF L.W.A. AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. §§ 1332 and 1711, Defendant LinkedIn Corporation ("LinkedIn") hereby removes the above-captioned state court action, originally filed as Case No. 24CV450084 in the Superior Court of the State of California for the County of Santa Clara, to the United States District Court for the Northern District of California, San Jose Division. In so removing, LinkedIn reserves all rights and defenses. LinkedIn denies any and all liability in this case and intends to vigorously oppose liability and class certification, as well as any and all requested remedies. For purposes of the jurisdictional requirements for removal only, LinkedIn states that removal is proper on the following grounds:

### I.     PLAINTIFF'S COMPLAINT

1. On October 22, 2024, Plaintiff L.W.A. ("Plaintiff") initiated this civil action by filing a complaint in the Superior Court of the State of California for the County of Santa Clara styled *L.W.A. v. LinkedIn Corporation*, Case No. 24CV450084.

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's file-stamped complaint is attached as **Exhibit A** ("Compl.") to the Declaration of Jonhatan Aragon in Support of the Notice of Removal ("Aragon Decl."), which is filed concurrently herewith.

3. Plaintiff alleges violations of sections 631 and 632 of the California Invasion of Privacy Act ("CIPA"), as well as invasion of privacy under the California Constitution. *See* Compl. ¶¶ 54–84.

4. Plaintiff styled the complaint as a "CLASS ACTION" and seeks to represent and have certified a class of "all LinkedIn account holders in the United States who completed a questionnaire on www.noom.com," which, she alleges, is "in the thousands." *Id.* at Caption; ¶¶ 44, 47; Prayer for Relief.

5. Plaintiff alleges that LinkedIn is liable under sections 631 and 632 of CIPA "in the amount of $5,000 dollars per violation or three times the amount of actual damages, whichever is

2
DEFENDANT LINKEDIN CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION
Case No.

2828625.v4

greater." *Id.* ¶ 65; *see also id.* ¶ 76 ("Plaintiff and [c]lass members seek statutory damages in accordance with § 637.2(a) which provides for the greater of: (1) $5,000 per violation; or (2) three times the amount of damages sustained by Plaintiff and the [c]lass in an amount to be proven at trial.").

6. Plaintiff prays for, among other things, "a determination that this action is a proper class action"; a class-certification order; "an order declaring that [LinkedIn's] conduct violated the statutes referenced herein"; "an order finding in favor of Plaintiff and the Class on all counts asserted herein"; "compensatory damages, including statutory damages where available, to Plaintiff and the Class members against [LinkedIn] for all damages sustained as a result of [LinkedIn's] wrongdoing"; and attorneys' fees. *Id.* at Prayer for Relief.

## II.   REMOVAL IS TIMELY

7. Plaintiff served LinkedIn with the complaint and a summons from state court on October 28, 2024.

8. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons is attached as **Exhibit B** to the Aragon Declaration.

9. LinkedIn filed this Notice of Removal on November 25, 2024, less than 30 days from the date on which Plaintiff served LinkedIn with the complaint and summons.

10. Thus, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

## III.   REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

11. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against LinkedIn pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

12. As set forth more fully below, this civil action is properly removed pursuant to CAFA because (A) Plaintiff alleges that this civil action is a "class action" under CAFA; (B) LinkedIn is not a State, state official, or other governmental entity; (C) Plaintiff alleges that the number of members in the putative class is at least 100; (D) minimal diversity exists; and (E) Plaintiff alleges that the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(1), (2), (5); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018,

3
DEFENDANT LINKEDIN CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION
Case No.

2828625.v4

1020–21 (9th Cir. 2007) (listing requirements for CAFA removal).

      **A.**      **Plaintiff alleges that this civil action is a "class action" under CAFA.**

      13.      CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

      14.      Under CAFA, a "class action" is "any civil action under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); *see also* 28 U.S.C. § 1711(2) (defining "class action" in relevant part as "any civil action that is removed to a district court of the United States that was originally filed under a State statute or rile of judicial procedure authorizing an action to be brought by 1 or more representatives of a class action").

      15.      Federal Rule of Civil Procedure 23 authorizes a class action where "the class is so numerous that joinder of all members is impracticable; [] there are questions of law or fact common to the class; [] the claims . . . are typical of the claims . . . of the class; and [] the representative parties will fairly and adequately protect the interests of the class."

      16.      Section 382 of the California Code of Civil Procedure similarly "authorizes a class action if 'the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court.'" *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1121 (9th Cir. 2014) (quoting Cal. Civ. Code § 382).

      17.      Additionally, section 1781 of the California Code of Civil Procedure authorizes a consumer to bring a class action if "[i]t is impracticable to bring all members of the class before the court"; "[t]he questions of law or fact common to the class are substantially similar and predominate over the questions affecting the individual members"; "[t]he claims or defenses of the representative plaintiffs are typical of the claims or defenses of the class"; and "[t]he representative plaintiffs will fairly and adequately protect the interests of the class."

      18.      Furthermore, under California law, "before a class may be certified a party must establish the existence of both an ascertainable class and a well-defined community of interest among the class members." *Baumann*, 747 F.3d at 1121 (quoting *Linder v. Thrifty Oil Co.*, 23

Cal. 4th 429, 435 (2000)). "'The community of interest requirement involves three factors: (1) predominant questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class.'" *Id.* (quoting *Linder*, 23 Cal. 4th at 435).

19. Here, Plaintiff styled the complaint as a "CLASS ACTION" and includes a footer titled "CLASS ACTION COMPLAINT" on all pages of the complaint Compl. at Caption; pp. 1–31; ¶¶ 3, 9, 44–54, 58, 60–62, 65, 67, 70–71, 73–82, 84 (expressly referencing "class" or "class action").

20. Plaintiff alleges that the members of the putative class "are so numerous that their individual joinder herein is impracticable." *Id.* ¶ 47.

21. Plaintiff alleges that "[c]ommon questions of law and fact exist as to all putative [c]lass members and predominate over questions affecting only individual [c]lass members." *Id.* ¶ 48.

22. Plaintiff alleges that the claims asserted in the complaint "are typical of the claims of the members of the [c]lass as all members of the [c]lass are similarly affected by [LinkedIn's] wrongful conduct." *Id.* ¶ 49.

23. Plaintiff alleges that she "is an adequate representative of the [c]lass because her interests do not conflict with the interests of the putative [c]lass members she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously." *Id.* ¶ 50.

24. Plaintiff alleges that "[t]he interests of the [c]lass will be fairly and adequately protected by Plaintiff and her counsel." *Id.*

25. Thus, the allegations in Plaintiff's complaint establish that she is bringing a "class action" under CAFA.

**B.     LinkedIn is not a State, State official, or other governmental entity.**

26. CAFA applies if "the primary defendants are [not] States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A).

27. LinkedIn is not a state, state official, or other governmental entity.

28. Indeed, Plaintiff alleges that LinkedIn "is a Delaware corporation." Compl. ¶ 8.

**C.    The proposed class exceeds 100 members.**

29. CAFA applies if the putative class consists of at least 100 members. 28 U.S.C. § 1332(d)(5)(B).

30. This requirement is met because Plaintiff alleges that "members of the putative [c]lass number in the thousands." Compl. ¶ 47.

**D.    Minimal diversity exists.**

31. Under CAFA, this Court has "'original' diversity jurisdiction over class actions if . . . any class member is a citizen of a state different from any defendant." *Serrano*, 478 F.3d at 1020–21 (quoting 28 U.S.C. § 1332(d)(2)).

32. In other words, "under CAFA, complete diversity is not required; 'minimal diversity' suffices." *Id.* at 1021.

33. Plaintiff alleges that LinkedIn "is a Delaware corporation with its principal place of business located in Sunnyvale, California." Compl. ¶ 8.

34. Thus, LinkedIn is a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

35. Plaintiff alleges that she "brings this suit on behalf of all LinkedIn users who live in the United States and completed the weight loss and health history survey on www.noom.com." Compl. ¶ 1; *see also id.* ¶ 44 ("Plaintiff brings this action on behalf of all LinkedIn account holders in the United States who completed a questionnaire on www.noom.com.").

36. Thus, at least one member of the putative nationwide class is domiciled in and therefore a citizen of a state that is neither Delaware nor California. *See Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (explaining that individual's citizenship is determined by her domicile, and "a[t] minimum, a person's residence constitutes *some* evidence

6
DEFENDANT LINKEDIN CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION
Case No.

2828625.v4

of domicile").

37. Because at least one member of the putative class is a citizen of a State different from LinkedIn, minimal diversity under 28 U.S.C. § 1332(d)(2) exists in this civil action.

**E.   Plaintiff alleges that the amount in controversy exceeds $5,000,000.**

38. Removal under CAFA is proper if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).

39. Plaintiff alleges violations of sections 631 and 632 of CIPA, as well as invasion of privacy under the California Constitution.  *See* Compl. ¶¶ 54–84.

40. For these claims, Plaintiff seeks, among other things, "an order declaring that [LinkedIn's] conduct violated the statutes referenced herein"; "an order finding in favor of Plaintiff and the Class on all counts asserted herein"; "compensatory damages, including statutory damages where available, to Plaintiff and the Class members against [LinkedIn] for all damages sustained as a result of [LinkedIn's] wrongdoing"; and attorneys' fees.  *Id.* at Prayer for Relief.

41. Plaintiff alleges that she "and all members of the [c]lass have sustained economic injury arising out of [LinkedIn's] violations of statutory law as alleged herein." *Id.* ¶ 49.

42. Specifically, Plaintiff alleges that LinkedIn is liable under sections 631 and 632 of CIPA "to Plaintiff and other [c]lass members in the amount of $5,000 dollars per violation or three times the amount of actual damages, whichever is greater." *Id.* ¶ 65; *see also id.* ¶ 76 ("Plaintiff and [c]lass members seek statutory damages in accordance with § 637.2(a) which provides for the greater of: (1) $5,000 per violation; or (2) three times the amount of damages sustained by Plaintiff and the [c]lass in an amount to be proven at trial.").

43. Plaintiff seeks to represent and have certified a class of "all LinkedIn account holders in the United States who completed a questionnaire on www.noom.com," which, she alleges, is "in the thousands." *Id.* ¶¶ 44, 47; Prayer for Relief.

44. Moreover, Plaintiff requests payment of attorneys' fees. *See* Compl. at Prayer for Relief; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."); *Elgindy v. AGA Serv. Co.*, 2024 WL

4634060, at *10 (N.D. Cal. Oct. 29, 2024) ("The Ninth Circuit maintains a well-established benchmark for an attorney's fee award in a successful class action [of] twenty-five percent of the entire common fund.'" (quoting *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) (per curiam))).

45. Thus, for purposes of the jurisdictional requirements for removal only, LinkedIn has a good faith basis to believe, and on that basis avers, that the allegations in Plaintiff's complaint put over $5,000,000 in controversy, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

## IV.   NO OTHER CAFA PREREQUISITE OR EXCEPTION PREVENTS REMOVAL

46. This civil action is not a "class action that solely involves [] a claim concerning a covered security"; "a claim that relates to the internal affairs or governance of a corporation or other form of business enterprise and arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized"; or "a claim that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security." 28 U.S.C. § 1453(d).

47. Additionally, Plaintiff has not alleged any facts that establish any statutory exception to CAFA jurisdiction under 28 U.S.C. § 1332(d)(3) or (4). *See Serrano*, 478 F.3d at 1024 (noting that it is the plaintiff's burden to prove the applicability of any exception).

48. Thus, no other prerequisite or exception precludes removal of this civil action under CAFA.

## V.   VENUE AND INTRA-DISTRICT ASSIGNMENT

49. Because Plaintiff filed the complaint in the Superior Court of California for the County of Santa Clara, this District is the proper venue for this civil action upon removal pursuant to 28 U.S.C. § 1441(a), and the San Jose Division is the proper intra-District assignment for this civil action upon removal pursuant to Civil L.R. 3-2(e).

## VI. PROCEDURAL MATTERS

50. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Civil Case Cover Sheet filed on October 22, 2024, Proof of Service filed on October 30, 2024, and Notice of Stipulation and Stipulation to Extend Time for Responsive Pleading filed on November 21, 2024, in the Superior Court of the State of California for the County of Santa Clara are attached as **Exhibit C**, **Exhibit D**, and **Exhibit E** respectively, to the Aragon Declaration.

51. Pursuant to 28 U.S.C. § 1446(d), true and correct copies of this Notice of Removal will be served upon Plaintiff's counsel and filed with the Clerk of the Superior Court of the State of California for the County of Santa Clara.

52. Pursuant to Civil L.R. 4-2 and 16-2(b), true and correct copies of all supplementary materials required by these Local Rules will be served upon Plaintiff's counsel.

## VII. NON-WAIVER OF DEFENSES AND RIGHTS

53. LinkedIn expressly reserves all of its defenses.

54. By removing this civil action to this Court, LinkedIn does not waive any defenses or rights available under federal or state law.

55. LinkedIn expressly reserves the right to move for dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12 and oppose class certification.

56. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are true, sufficient to state a claim, or have any substantive merit.

## VIII. DEMAND FOR JURY TRIAL

57. LinkedIn hereby demands a trial by jury on all issues so triable.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

9
DEFENDANT LINKEDIN CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION
Case No.

2828625.v4

WHEREFORE, LinkedIn hereby removes the civil action *L.W.A. v. LinkedIn Corporation* initially filed as Case No. 24CV450084 in the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California, San Jose Division.

Dated: November 25, 2024

KEKER, VAN NEST & PETERS LLP

By: *Matan Shacham*
BENJAMIN BERKOWITZ
MATAN SHACHAM
CHRISTINA LEE
SPENCER MCMANUS
ROBYN PARISER
JONHATAN A. ARAGON

Attorneys for Defendant LINKEDIN CORPORATION