1  KEKER, VAN NEST & PETERS LLP
   BENJAMIN BERKOWITZ - # 244441
2  bberkowitz@keker.com
   MATAN SHACHAM - # 262348
3  mshacham@keker.com
   CHRISTINA LEE - # 314339
4  clee@keker.com
   SPENCER MCMANUS - # 322824
5  smcmanus@keker.com
   ROBYN PARISER - # 335017
6  rpariser@keker.com
   JONHATAN A. ARAGON - # 338756
7  jaragon@keker.com
   633 Battery Street
8  San Francisco, CA 94111-1809
   Telephone:    415 391 5400
9  Facsimile:    415 397 7188

10  Attorney for Defendant LINKEDIN CORPORATION

11              **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13                   **SAN JOSE DIVISION**

14  | L. W. A., individually and on behalf of all others similarly situated, | Case No. |
15  | | **DECLARATION OF JONHATAN A. ARAGON IN SUPPORT OF DEFENDANT LINKEDIN CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION** |
    | Plaintiff, | |
16  | | |
    | v. | |
17  | | |
18  | LINKEDIN CORPORATION, | Removed from the Superior Court of the State of California for the County of Santa Clara |
    | Defendant. | |
19  | | |
20  | | Complaint Filed:    October 22, 2024 |
21  | | Action Removed:    November 25, 2024 |
22  | | **DEMAND FOR JURY TRIAL** |

23

24

25

26

27

28

---

DECLARATION OF JONHATAN ARAGON IN SUPPORT OF DEFENDANT LINKEDIN CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION
Case No.

## DECLARATION OF JONHATAN A. ARAGON

1.      I am an attorney at Keker, Van Nest & Peters LLP, counsel for Defendant LinkedIn Corporation ("LinkedIn") in the above-captioned matter.  I have personal knowledge of the facts contained herein, and if called as a witness, I could and would testify competently thereto.

2.      This declaration is filed in support of LinkedIn's Notice of Removal of Civil Action.

3.      Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's file-stamped complaint filed on October 22, 2024, in the Superior Court of the State of California for the County of Santa Clara and styled *L.W.A. v. LinkedIn Corporation*, Case No. 24CV450084.

4.      Attached hereto as **Exhibit B** is a true and correct copy of the summons Plaintiff served on LinkedIn on October 28, 2024.

5.      Attached hereto as **Exhibit C** is a true and correct copy of the Civil Case Cover Sheet Plaintiff filed on October 22, 2024, in the Superior Court of the State of California for the County of Santa Clara.

6.      Attached hereto as **Exhibit D** is a true and correct copy of the Proof of Service Plaintiff filed on October 30, 2024, in the Superior Court of the State of California for the County of Santa Clara.

7.      Attached hereto as **Exhibit E** is a true and correct copy of the Notice of Stipulation and Stipulation to Extend Time for Responsive Pleading filed on November 21, 2024, in the Superior Court of the State of California for the County of Santa Clara.

8.      No other state-court process, pleadings, or orders were served on LinkedIn or filed in state court.

//

//

//

//

//

DECLARATION OF JONHATAN ARAGON IN SUPPORT OF DEFENDANT LINKEDIN CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION
Case No.

2829899.v3

1    I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct.  Executed on November 25, 2024 at San Francisco, California.

3                                                     KEKER, VAN NEST & PETERS LLP

4

5                      By:  _____

6                                                     JONHATAN A. ARAGON

7                                                     Attorney for Defendant LINKEDIN
                                                      CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JONHATAN ARAGON IN SUPPORT OF DEFENDANT LINKEDIN CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION
Case No.

2829899.v3

# Exhibit A

E-FILED
10/22/2024 4:43 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
24CV450084
Reviewed By: M. Suarez

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
701 Brickell Avenue, Suite 2100
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Counsel for Plaintiff*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| L.W.A., individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>    v.<br><br>LINKEDIN CORPORATION,<br><br>               Defendant. | Case No.    24CV450084<br><br><u>CLASS ACTION</u><br><br>**COMPLAINT** |

Plaintiff L.W.A. ("Plaintiff") brings this class action complaint on behalf of herself, and all other persons similarly situated against Defendant LinkedIn Corporation ("LinkedIn" or ("Defendant").  Plaintiff brings this action based on personal knowledge of the facts pertaining to herself, and on information and belief as to all other matters, by and through the investigation of undersigned counsel.

## NATURE OF THE ACTION

1.      Plaintiff brings this suit on behalf of all LinkedIn users who live in the United States and completed the weight loss and health history survey on www.noom.com (the "Website").   The Website is owned and operated by Noom, Inc. ("Noom").

2.      Noom describes itself as a "consumer-led digital health company that helps people live healthier, happier lives."[1]  In order to access Noom's services, consumers must share sensitive, personal information, including their weight loss history and goals, current medical history, and other confidential medical information.  When consumers engage with online health companies, data privacy is especially important due the sensitive nature of the information being disclosed.  When consumers access online health services, they must be able to trust their information is protected from unauthorized disclosure to third parties.  When consumers know their information is secure, they are more likely to pursue the help they need to reach their health-related and weight loss goals.

3.      Medical information is protected by state and federal law.  Given these protections, consumers reasonably expect that confidential medical information shared to establish a weight-loss plan will remain confidential.  However, unbeknownst to Plaintiff and members of the putative class, LinkedIn intentionally intercepted these sensitive and confidential communications, including information concerning the current medical and behavioral conditions shared by consumer when completing a health survey on Noom's Website.  Because this case concerns LinkedIn account holders, LinkedIn matches the information it receives from Noom to the specific consumer who provided the information.  LinkedIn failed to receive consent for these

---

[1] NOOM, ABOUT US, https://www.noom.com/about-us/

interceptions, and thereby engaged in conduct that expressly contravened its own terms and representations.

4.      LinkedIn develops, owns, and operates "the world's largest professional network with more than 1 billion members in more than 200 countries and territories worldwide."[2] LinkedIn is also an advertising company that touts its ability to leverage the data it collects online to deliver targeted marketing to specific users.

5.      Defendant intentionally intercepted confidential information from Noom's Website for target advertising purposes.  Plaintiff brings this action for legal and equitable remedies resulting from these illegal acts.

## PARTIES

6.      Plaintiff L.W.A. is domiciled in San Diego, California.  Plaintiff maintained a LinkedIn account at all relevant times before and after completing a health survey on Noom's Website.  When Plaintiff created her LinkedIn account she agreed to LinkedIn's User Agreement, which provides that "You and LinkedIn agree that the laws of the State of California, U.S.A. . . . shall exclusively govern any dispute relating to this Contract and/or the Services."[3]  LinkedIn's "Services," includes those related to its software code known as the LinkedIn Insight Tag.[4]

7.      In or around December 2023, Plaintiff completed a survey to develop a weight loss plan on the Noom Website.  Plaintiff used a Google browser that she also uses to access her LinkedIn account.  When completing the survey on the Website, Plaintiff disclosed sensitive information, including confidential medical information, to determine her eligibility for Noom's weight loss services, as described more thoroughly herein.  Plaintiff was required to provide sensitive, private information about her eating habits, medical history, and behaviors. Unbeknownst to Plaintiff, LinkedIn was tracking her private activity on Noom's Website using the LinkedIn Insight Tag.  LinkedIn used this software to track Plaintiff and intercept her communications with Noom, including communications that contained confidential information

---

[2] LINKEDIN, ABOUT, https://about.linkedin.com/?trk=homepage-basic_directory_aboutUrl.

[3] LINKEDIN, USER AGREEMENT, https://www.linkedin.com/legal/user-agreement#dispute

[4] *Id.*

1   related to her health, such as her weight loss profile, her biology & clinical eligibility, her eating

2   habits & behavioral profile, and her holistic health profile.  LinkedIn never received consent from

3   Plaintiff or received permission to track or sell her data to advertisers.  LinkedIn's acts and

4   practices, as described herein, are an egregious breach of Plaintiff's privacy.

5          8.     Defendant LinkedIn Corporation is a Delaware corporation with its principal place

6   of business located in Sunnyvale, California.  Defendant LinkedIn, at all times, knew that the

7   incorporation of its software onto the Noom Website would result in its interception of confidential

8   medical information.  Defendant LinkedIn, as the creator of its software and the LinkedIn Insight

9   Tag, knew that it intercepted users' interactions on the Website that incorporated its technology.

10  Defendant LinkedIn is well aware of the dangers of incorporating such technology on websites that

11  offer medical and health services but continues to do so because of the value of the data it

12  intercepts.

13                              **JURISDICTION AND VENUE**

14         9.     This Court has subject matter jurisdiction over this class action.  This Court has

15  personal jurisdiction over the parties because Defendant resides in California, Plaintiff submits to

16  the jurisdiction of the Court, and because Defendant, at all times relevant hereto, has systematically

17  and continually conducted, and continues to conduct, business in California.

18         10.    Venue is proper in this Court pursuant to Civil Code §§ 395 and 395.5.  Defendant

19  conducts business in this County and throughout the State of California and its principal place of

20  business is in this County.

21                               **FACTUAL ALLEGATIONS**

22  **A.     LinkedIn's Platform and Business Tools**

23         11.    LinkedIn markets itself as "the world's largest professional network on the

24  internet[.]"[5]  But LinkedIn is no longer simply a tool to help users find jobs or expand their

25  professional network.  LinkedIn has moved into the marketing and advertising space and boasts of

26  its ability to allow potential advertisers to "[r]each 1 billion+ professionals around the world" via

27  _____

28  [5] LINKEDIN, WHAT IS LINKEDIN AND HOW CAN I USE IT?,
    https://www.linkedin.com/help/linkedin/answer/a548441#.

its Marketing Solutions services.[6]  Recently, LinkedIn was projected as being responsible for "roughly 0.9 percent of the global ad revenue" which included approximately $5.91 billion in advertising revenue in 2022.[7]

       12.     According to LinkedIn, "[t]argeting is a foundational element of running a successful advertising campaign — [g]etting your targeting right leads to higher engagement, and ultimately, higher conversion rates." [8]  Targeting refers to ensuring that advertisements are targeted to, and appear in front of, the target demographic for an advertisement.  To that end, LinkedIn's Marketing Solutions services allow potential advertisers to "[b]uild strategic campaigns" targeting specific users.[9]  LinkedIn's "marketing solutions allow advertisers to select specific characteristics to help them reach their ideal audience.  The ads [users] see on LinkedIn are then targeted to provide content relevant to [the users]."[10]

       13.     As a result of its activities and operation of the LinkedIn Insight Tag, LinkedIn is able to make extremely personal inferences about individuals' demographics, intent, behavior, engagement, interests, buying decisions, and more.[11]

       14.     The personal information and communications obtained by LinkedIn are used to fuel various services offered via LinkedIn's Marketing Solutions including Ad Targeting, Matched Audiences, Audience Expansion, and LinkedIn Audience Network.[12]

---

[6] LINKEDIN, MARKETING SOLUTIONS, https://business.linkedin.com/marketing-solutions.

[7] Valentina Dencheva, *LinkedIn annual ad revenue 2017-2027*, STATISTA (Dec. 12, 2023), https://www.statista.com/statistics/275933/linkedins-advertising-revenue.

[8] LINKEDIN, REACH YOUR AUDIENCE: TARGETING ON LINKEDIN, p.3, https://business.linkedin.com/content/dam/me/business/en-us/marketing-solutions/resources/pdfs/linkedin-targeting-playbook-v3.pdf.

[9] LINKEDIN, *supra* note 5.

[10] LINKEDIN, LINKEDIN ADS AND MARKETING SOLUTIONS, https://www.linkedin.com/help/lms/answer/a421454.

[11] *See* LINKEDIN, MARKETING SOLUTIONS, https://business.linkedin.com/marketing-solutions/audience ("Target audiences through demographic marketing[,]" "Zero in on intent, behavior, engagement, interests, and more[,]" and "Reach the LinkedIn audience involved in the buying decision").

[12] *See id.*

15.     Such information is extremely valuable to marketers and advertisers because the inferences derived from users' personal information and communications allows marketers and advertisers, including healthcare providers and insurance companies, to target potential customers.[13]

16.     For example, through the use of LinkedIn's Audience Network, marketers and advertisers are able to expand their reach and advertise on sites other than LinkedIn to "reach millions of professionals across multiple touchpoints."[14]  According to Broc Munro of Microsoft, "[w]e gravitate towards social platforms like LinkedIn to achieve more targeted marketing engagement. However, we know that our audiences don't spend all their time on social media. LinkedIn Audience Network enables us to expand our reach to trusted sites while still respecting our audience targeting. This increases the impact of our advertising."[15]

17.     In July 2022, "LinkedIn Marketing Solutions surpassed $5 billion in annual revenue[.]"[16]  That figure is "expected to further grow to reach 10.35 billion U.S. dollars by 2027."[17]

---

[13] LINKEDIN, PRIVACY POLICY, https://www.linkedin.com/legal/privacy-policy ("We serve you tailored ads both on and off our Services. We offer you choices regarding personalized ads, but you cannot opt-out of seeing other ads."); LINKEDIN, ACCOUNT TARGETING, https://business.linkedin.com/marketing-solutions/ad-targeting ("Target your ideal customer based on traits like their job title, company name or industry, and by professional or personal interests"); LINKEDIN, EXAMPLES OF TRENDING AND BEST-IN-CLASS HEALTHCARE CAMPAIGNS AND CONTENT, p.6, https://business.linkedin.com/content/dam/me/business/en-us/marketing-solutions/healthcare-microsite/resources/lkin-lms-sales-healthcare-campaigns-trending-content-Jan2023.pdf ("BD zeroed in on the end-benefit with a 30 second video introducing their PIVO needle-free blood collection device to potential customers."); LINKEDIN, HEALTHCARE SOCIAL MEDIA STRATEGIES FOR 2023, p.1, https://business.linkedin.com/content/dam/me/business/en-us/marketing-solutions/healthcare-microsite/resources/hc-social-media-trends.pdf (listing "potential customers" as "Common audiences" for insurance sector).

[14] LINKEDIN, ACCOUNT TARGETING, https://business.linkedin.com/marketing-solutions/ad-targeting.

[15] LINKEDIN, LINKEDIN AUDIENCE NETWORK, https://business.linkedin.com/marketing-solutions/native-advertising/linkedin-audience-network.

[16] *LinkedIn Business Highlights from Microsoft's FY22 Q4 Earnings*, LINKEDIN PRESSROOM (July 25, 2022), https://news.linkedin.com/2022/july/linkedin-business-highlights-from-microsoft-s-fy22-q4earnings#:~:text=And%20LinkedIn%20Marketing%20Solutions%20surpassed,revenue%20for%20the%20first%20time.

[17] Dencheva, *supra* note 7.

18.    According to LinkedIn, the LinkedIn Insight Tag is "[a] simple code snippet added to [a] website [that] can help you optimize your campaigns, retarget your website visitors, and learn more about your audiences."[18]  LinkedIn represents that the LinkedIn Insight Tag "enable[s] in-depth campaign reporting and unlock[s] valuable insights about your website visitors."[19]

19.    LinkedIn's current iteration of its Insight Tag is a JavaScript-based code which allows for the installation of its software.[20]  A critical feature allows the LinkedIn Insight Tag to track users, even when third-party cookies are blocked.[21]   LinkedIn "recommend[s] using the JavaScript-based Insight Tag or Conversions API" because third-party cookie settings are being deprecated across the industry.[22]  Embedding the JavaScript as a first-party cookie causes users' browsers to treat the LinkedIn Insight Tag as though it is offered by the website being visited, rather than by LinkedIn.  Doing so ensures that the third-party cookie-blocking functions of modern web browsers do not prevent LinkedIn from collecting data through its software.[23]  Instead, the LinkedIn Insight Tag is shielded with the same privacy exemptions offered to first-party cookies.

20.    When a user who has signed in to LinkedIn (even if the user subsequently logs out) is browsing a website where the LinkedIn Insight Tag has been embedded, an HTTP request is sent using cookies, which includes information about the user's actions on the website.

21.    These cookies also include data that differentiate users from one another and can be used to link the data collected to the user's LinkedIn profile.

---

[18] LINKEDIN, INSIGHT TAG, https://business.linkedin.com/marketing-solutions/insight-tag.

[19] LINKEDIN, LINKEDIN INSIGHT TAG FAQS, https://www.linkedin.com/help/lms/answer/a427660.

[20] LINKEDIN, *supra* note 17.

[21] *Id.* ("It's important for advertisers to prepare for these changes by switching to JavaScript tags and enabling 'enhanced conversion tracking' in the Insight Tag settings to continue capturing signals where 3rd party cookies are blocked.").

[22] *See id.*

[23] *See id.*

22.     The HTTP request about an individual who has previously signed into LinkedIn includes requests from the "li_sugr" and "lms_ads" cookies.  Each of these cookies are used by LinkedIn "to identify LinkedIn Members off LinkedIn" for advertising purposes.[24]

23.     For example, the "li_sugr" cookie is "[u]sed to make a probabilistic match of a user's identity."[25]  Similarly, the "lms_ads" cookie is "[u]sed to identify LinkedIn Members off LinkedIn for advertising."[26]

24.     A LinkedIn profile contains information including an individual's first and last name, place of work, contact information, and other personal details.  Based on information it obtains through the LinkedIn Insight Tag, Defendant LinkedIn is able to target its account holders for advertising.

25.     LinkedIn never receives consent from users to intercept and collect electronic communications containing their sensitive and unlawfully disclosed information.  In fact, LinkedIn expressly warrants the opposite.

26.     When first signing up, a user agrees to the User Agreement.[27]  By using or continuing to use LinkedIn's Services, users agree to two additional agreements: the Privacy Policy[28] and the Cookie Policy.[29]  For California residents, LinkedIn also publishes a California Privacy Disclosure.[30]

27.     LinkedIn's Privacy Policy begins by stating that "LinkedIn's mission is to connect the world's professionals . . . . Central to this mission is our commitment to be transparent about the data we collect about you, how it is used and with whom it is shared."[31]

---

[24] LINKEDIN, LINKEDIN COOKIE TABLE, https://www.linkedin.com/legal/l/cookie-table.

[25] *See id.*

[26] *See id.*

[27] LINKEDIN, USER AGREEMENT, https://www.linkedin.com/legal/user-agreement.

[28] LINKEDIN, PRIVACY POLICY, https://www.linkedin.com/legal/privacy-policy.

[29] LINKEDIN, COOKIE POLICY, https://www.linkedin.com/legal/cookie-policy.

[30] LINKEDIN, CALIFORNIA PRIVACY DISCLOSURE, https://www.linkedin.com/legal/california-privacy-disclosure.

[31] LINKEDIN, PRIVACY POLICY, https://www.linkedin.com/legal/privacy-policy.

28.    The Privacy Policy goes on to describe what data LinkedIn collects from various sources, including cookies and similar technologies.[32]  LinkedIn states "we use cookies and similar technologies (e.g., pixels and ad tags) to collect data (e.g., device IDs) to recognize you and your device(s) on, off and across different services and devices where you have engaged with our Services. We also allow some others to use cookies as described in our Cookie Policy."[33]

29.    However, LinkedIn offers an express representation: "**We will only collect and process personal data about you where we have lawful bases.**"[34]

30.    Despite this explicit representation, LinkedIn intentionally intercepts and receives sensitive information in violation of state and federal privacy laws due to the value of the data.

31.    Users never choose to provide sensitive information to LinkedIn because, among other reasons, they never know whether a particular website uses the LinkedIn Insight Tag, and, if so, what sensitive personal data it collects.

**B.    How LinkedIn Intercepted Plaintiff's and Class Members' Protected Health Information**

32.    Noom is a digital health company that helps connect consumers with clinicians to meet their weight-loss goals.  Upon entering the Website, Noom warrants that it provides "trusted, proven, sustainable weight loss.[35]"

33.    Noom provides prospective customers two options, Noom Med and Noom Weight. Noom Med is a medication-based weight loss program, and Noom Weight is a psychology-based weight loss program.  *See* Figure 1.

---

[32] *Id.*

[33] *Id.*

[34] *Id.* (emphasis added).

[35] Noom, https://www.noom.com/

**Figure 1:**



34.     To begin, consumers must provide Noom with certain information to determine their eligibility for using Noom services including, but not limited to, their name, age range, current weight, their target weight, and existing health conditions, as well as their stress levels and sleep habits.

35.     Unbeknownst to consumers, LinkedIn was tracking their activity the moment they entered the Noom Website.

36.     For example, the LinkedIn Insight Tag was embedded on the Website, which allowed LinkedIn to intercept and record "click" events.  Click events detail information about which page on the Website the consumer was viewing as well as the selections they were making.

37.     Through the LinkedIn Insight Tag, Defendant intercepted consumers confidential information related to their weight loss questionnaires in order to monetize that data for targeted advertising. *See, e.g.,* Figures 2-3.

1

**Figure 2:**

2



15

38.      Once a prospective customer enters their private information and clicks a response to complete the survey, the information from the respective question and response is transmitted to Noom, and simultaneously intercepted by LinkedIn through the LinkedIn Insight Tag.  *See* Figure 3.

**Figure 3:**



LinkedIn - pregnant
https://px.ads.linkedin.com/wa/
Wed Sep 18 12:57:48 EDT 2024
{
    "pids": [35076],
    "scriptVersion": 172,
    "time": 1726678668569,
    "domain": "noom.com",
    "url": "https://noom.com/survey/pregnant?route=clinical&utm_medium=none&utm_source=direct",
    "pageTitle": "Noom: Stop dieting. Get lifelong results.",
    "websiteSignalRequestId": "3f540dd0-9f7d-89fa-f5f5-65314daa51cc",
    "isTranslated": false,
    "liFatId": "",
    "liGiant": "",
    "misc": {
        "psbState": -4
    },
    "isLinkedInApp": false,
    "hem": null,
    "signalType": "CLICK",
    "href": "",
    "domAttributes": {
        "elementSemanticType": null,
        "elementValue": null,
        "elementType": "button",
        "tagName": "BUTTON",
        "backgroundImageSrc": null,
        "imageSrc": null,
        "imageAlt": null,
        "innerText": "No, but I'm planning to be within the next 6 months",
        "elementTitle": null,
        "cursor": "pointer",
        "formAction": null,
        "isFormSubmission": false

39.     The questionnaire on the Noom Website asks several questions related to private, confidential health information in order to develop a weight loss plan or provide weight loss medication to consumers.  Through the LinkedIn Insight Tag, Defendant intercepts all responses entered by consumers, as shown below.

**Figure 4:**



**Figure 5:**

LinkedIn - previous medication
https://px.ads.linkedin.com/wa/
Wed Sep 18 13:02:09 EDT 2024
{
        "pids": [35076],
        "scriptVersion": 172,
        "time": 1726829929765,
        "domain": "noom.com",
        "url": "https://noom.com/survey/previousMedications-Compounded?
route=clinical&utm_medium=none&utm_source=direct",
        "pageTitle": "Noom: Stop dieting. Get lifelong results.",
        "websiteSignalRequestId": "4b8b5d13-58be-c5b1-0363-3a88de095b29",
        "isTranslated": false,
        "liFatId": "",
        "liGiant": "",
        "misc": {
                "psbState": -4
        },
        "isLinkedInApp": false,
        "hem": null,
        "signalType": "CLICK",
        "href": "",
        "domAttributes": {
                "elementSemanticType": null,
                "elementValue": null,
                "elementType": "button",
                "tagName": "BUTTON",
                "backgroundImageSrc": null,
                "imageSrc": null,
                "imageAlt": null,
                "innerText": "I am currently taking weight loss medication",
                "elementTitle": null,
                "cursor": "pointer",
                "formAction": null,
                "isFormSubmission": false

**Figure 6:**



**Figure 7:**

LinkedIn – eating disorder
https://px.ads.linkedin.com/wa
Tue Oct 08 11:26:09 EDT 2024
{
        "pids": [35076],
        "scriptVersion": 172,
        "time": 1728401169663,
        "domain": "noom.com",
        "url": "https://noom.com/survey/eatingDisorder PreConfirmation?
route=_direct&utm_medium=none&utm_source=direct",
        "pageTitle": "Noom: Stop dieting. Get lifelong results.",
        "websiteSignalRequestId": "74f37ca4-d4d1-2848-bd7a-7ff52ed3db45",
        "isTranslated": false,
        "liFatId": "",
        "liGiant": "",
        "misc": {
                "psbState": -4
        },
        "isLinkedInApp": false,
        "hem": null,
        "signalType": "CLICK",
        "href": "",
        "domAttributes": {
                "elementSemanticType": null,
                "elementValue": null,
                "elementType": "button",
                "tagName": "BUTTON",
                "backgroundImageSrc": null,
                "imageSrc": null,
                "imageAlt": null,
                "innerText": "Yes",
                "elementTitle": null,
                "cursor": "pointer",
                "formAction": null,
                "isFormSubmission": false

**Figure 8:**

1

**<u>Figure 9:</u>**

2

LinkedIn - risks insomnia
https://px.ads.linkedin.com/wa.
Wed Sep 18 13:03:33 EDT
{
        "pids": [35076],
        "scriptVersion": 172,
        "time": 1726879013337,
        "domain": "noom.com"
        "url": "https://noom.com/survey/currentHealthRisk?route=_direct&utm_medium=none&utm_source=direct",
        "pageTitle": "Noom: Stop dieting. Get lifelong results.",
        "websiteSignalRequestId": "9ff0a412-2735-c000-8715-4f152a9f1a92",
        "isTranslated": false,
        "liFatId": "",
        "liGiant": "",
        "misc": {
                "psbState": -4
        },
        "isLinkedInApp": false,
        "hem": null
        "signalType": "CLICK"
        "href": "",
        "domAttributes": {
                "elementSemanticType": null,
                "elementValue": null,
                "elementType": "checkbox",
                "tagName": "INPUT",
                "backgroundImageSrc": null,
                "imageSrc": null,
                "imageAlt": null,
                "innerText": "",
                "elementTitle": null,
                "cursor": "pointer",
                "formAction": null,
                "isFormSubmission": false
        },
                "tagName": "form",
                "nthChild": 0,
                "classes": ["css-1e3x24n"],
                "attributes": {
                        "data-cy": "question",
                        "data-cy-question": "currentHealthRisk"
                }
                "tagName": "input",
                "nthChild": 0,
                "classes": ["css-mpb2vj", "e14ie1z61"],
                "attributes": {
                        "type": "checkbox",
                        "data-cy": "insomnia"

1

**Figure 10:**



**Figure 11:**

**Figure 12:**



**Figure 13:**

1

**Figure 14:**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Figures 15 and 16:**

LinkedIn = stress coping mechanism drink alcohol
https://px.ads.linkedin.com/wa.
Wed Sep 18 13:09:13 EDT 2024
{
        "pids": [35076],
        "scriptVersion": 172,
        "time": 1726679353943,
        "domain": "noom.com",
        "url": "https://noom.com/payment/survey/nm-bundle/stressCopingMechanisms?
route=_direct&utm_medium=none&utm_source=direct",
        "pageTitle": "Noom: Stop dieting. Get lifelong results.",
        "websiteSignalRequestId": "ca774e07-7f34-e6bc-5469-62bb3bdd7e78",
        "isTranslated": false,
        "liFatId": "",
        "liGiant": "",
        "misc": {
                "psbState": -4
        },
        "isLinkedInApp": false,
        "hem": null,
        "signalType": "CLICK",
        "href": "",
        "domAttributes": {
                "elementSemanticType": null,
                "elementValue": null,
                "elementType": "checkbox",
                "tagName": "INPUT",
                "backgroundImageSrc": null,
                "imageSrc": null,
                "imageAlt": null,
                "innerText": "",
                "elementTitle": null,
                "cursor": "pointer",
                "formAction": null,
                "isFormSubmission": false
        }, {
                "tagName": "form",
                "nthChild": 1,
                "classes": ["css-1e3x24n"],
                "attributes": {
                        "data-cy": "question",
                        "data-cy-question": "stressCopingMechanisms"
        }, {
                "tagName": "input",
                "nthChild": 0,
                "classes": ["css-mpb2vj", "e14ie1z61"],
                "attributes": {
                        "type": "checkbox",
                        "data-cy": "drinkAlcohol"

                "tagName": "form",
                "nthChild": 1,
                "classes": ["css-1e3x24n"],
                "attributes": {
                        "data-cy": "question",
                        "data-cy-question": "stressCopingMechanisms"
                        "data-gtm-form-interact-id": "1"
        }, {
                "tagName": "input",
                "nthChild": 0,
                "classes": ["css-mpb2vj", "e14ie1z61"],
                "attributes": {
                        "type": "checkbox",
                        "data-cy": "eatJunkFood"
                }

**Figure 17:**



**Figure 18:**

40.     These interceptions also included the li_sugr and lms_ads cookies, which LinkedIn utilizes to identify its account holders for targeted advertising.

41.     LinkedIn incorporated the information it intercepted from the Noom Website into its marketing tools to fuel its targeted advertising service.

42.     The requested information is protected by state and federal law, and consumers would not disclose such information if they knew it was being unlawfully intercepted by a third party. Plaintiff never consented, agreed, authorized, or otherwise permitted LinkedIn to intercept her confidential health information.

43.     By law, Plaintiff is entitled to privacy in her protected health information and confidential communications. LinkedIn deprived Plaintiff of her privacy rights when it implemented a system that surreptitiously tracked and recorded Plaintiff's and other online consumers' confidential communications, personally identifiable information, and protected health information.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this action on behalf of all LinkedIn account holders in the United States who completed a questionnaire on www.noom.com (the "Class").

45.     Excluded from the Class is Defendant, the officers and directors of the Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns and any entity in which either Defendant have or had a controlling interest.

46.     Plaintiff is a member of the Class she seeks to represent.

47.     Members of the putative Class are so numerous that their individual joinder herein is impracticable. Based on information and Plaintiff's belief, members of the putative Class number in the thousands. The precise number of putative Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Putative Class members may be notified of the pendency of this action by mail and/or publication through the distribution of Defendant's records.

48.    Common questions of law and fact exist as to all putative Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

a.  Whether LinkedIn's conduct violates the California Invasion of Privacy Act, Cal. Penal Code § 630, *et seq.*;

b.  Whether LinkedIn learned the contents of Plaintiff's and Class members' communications with Noom;

c.  Whether LinkedIn used the information it learned from the contents of Plaintiff's and Class members' communications with Noom; and

d.  Whether LinkedIn intentionally used an electronic amplifying or recording device to eavesdrop or record Plaintiff's and Class members' confidential communications with Noom without the Plaintiff's and Class members' consent.

49.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct.  Plaintiff has no interests antagonistic to the interests of the other members of the Class.  Plaintiff and all members of the Class have sustained economic injury arising out of Defendant's violations of statutory law as alleged herein.

50.    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the putative Class members she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

51.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the putative members of the Class.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also

presents potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims are consistently adjudicated.

52.     California law applies to the entirety of the Class.  California's substantive laws apply to every member of the Class, regardless of where in the United States the Class member resides.  Defendant's own User Agreement explicitly states that "[i]n the unlikely event we end up in a legal dispute . . . you and LinkedIn agree to resolve it in California courts using California law[.]"[36]  By choosing California law for the resolution of disputes covered by its User Agreement, LinkedIn concedes that it is appropriate for this Court to apply California law to the instant dispute to all Class members.  Further, California's substantive laws may be constitutionally applied to the claims of Plaintiff and the Class members under the Due Process Clause, see U.S. Const. amend. XIV, § 1, and the Full Faith and Credit Clause.  *See* U.S. Const. art. IV, § 1, of the U.S. Constitution.  California has significant contact, or significant aggregation of contacts, the claims asserted by the Plaintiff and all Class members thereby creating state interests that ensure that the choice of California state law is not arbitrary or unfair.  Defendant's decision to reside in California and avail itself of California's laws, and to engage in the challenged conduct from and emanating out of California, renders the application of California law to the claims herein constitutionally permissible.  The application of California laws to the Class is also appropriate under California's choice of law rules because California has significant contacts to the claims of Plaintiff and the proposed Class and California has the greatest interest in applying its laws here.

53.     Plaintiff reserves the right to revise the foregoing class allegations and definitions based on facts learned and legal developments following additional investigation, discovery, or otherwise.

---

[36] LINKEDIN, USER AGREEMENT, note 2.

**COUNT I**
**Violation of the California Invasion of Privacy Act,**
**Cal. Penal Code § 631**

54.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein and brings this count individually and on behalf of the members of the Class against Defendant.

55.    The California Invasion of Privacy Act (the "CIPA") is codified at California Penal Code Sections 630 to 638.  The CIPA begins with its statement of purpose—namely, that the purpose of the CIPA is to "protect the right of privacy of the people of [California]" from the threat posed by "advances in science and technology [that] have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications . . ."  Cal. Penal Code § 630.

56.    A person violates California Penal Code Section 631(a), if:

> by means of any machine, instrument, or contrivance, or in any other manner, [s/he] intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or [s/he] willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or [s/he] uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained . . .[37]

57.    To avoid liability under section 631(a), a defendant must show it had the consent of all parties to a communication.

58.    At all relevant times, LinkedIn tracked and intercepted Plaintiff's and Class members' internet communications while using www.noom.com to determine their eligibility for Noom's weight loss services.  These communications were intercepted without the authorization and consent of Plaintiff and Class members.

_____
[37] Cal. Penal Code § 631(a).

59.     Through these interceptions, LinkedIn intended to learn some meaning of the content the visitors requested.

60.     The following items constitute "machine[s], instrument[s], or contrivance[s]" under the CIPA, and even if they do not, the LinkedIn Insight Tag fall under the broad catch-all category of "any other manner":

    a.    The computer codes and programs LinkedIn used to track Plaintiff and Class members' communications while they were navigating www.noom.com;

    b.    Plaintiff's and Class members' browsers;

    c.    Plaintiff's and Class members' computing and mobile devices;

    d.    LinkedIn's web and ad servers;

    e.    The web and ad servers from which LinkedIn tracked and intercepted Plaintiff's and Class members' communications while they were using a web browser to access or navigate www.noom.com;

    f.    The computer codes and programs used by LinkedIn to effectuate its tracking and interception of Plaintiff's and Class members' communications while they were using a browser to visit www.noom.com; and

    g.    The plan LinkedIn carried out to effectuate its tracking and interception of Plaintiff's and Class members' communications while they were using a web browser or mobile device to visit www.noom.com.

61.     At all relevant times, LinkedIn, though the LinkedIn Insight Tag, intentionally tapped or made unauthorized connections with, the lines of internet communications between Plaintiff and Class members and the Noom Website without the consent of all parties to the communication.

62.     LinkedIn, willfully and without the consent of Plaintiff and Class members, read or attempted to read, or learn the contents or meaning of Plaintiff's and Class members' communications to Noom while the communications are in transit or passing over any wire, line or able, or were being received at any place within California when it intercepted Plaintiff's and Class members' communications and data with Noom.

63.    LinkedIn used or attempted to use the communications and information they received through their tracking technology, including to supply advertising services.

64.    The confidential information intercepted through the LinkedIn Insight Tag, including but not limited to pre-existing health conditions, constituted protected health information.

65.    As a result of the above violations, Defendant is liable to Plaintiff and other Class members in the amount of $5,000 dollars per violation or three times the amount of actual damages, whichever is greater.  Additionally, California Penal Code Section 637.2 specifically states that "[it] is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages."

66.    Under the CIPA, Defendant is also liable for reasonable attorney's fees, and other litigation costs, injunctive and declaratory relief, and punitive damages in an amount to be determined by a jury, but sufficient to prevent the same or similar conduct by Defendant in the future.

**COUNT II**
**Violation of the California Invasion of Privacy Act,**
**Cal. Penal Code § 632**

67.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein and brings this count individually and on behalf of the members of the Class against Defendant.

68.    Cal. Penal Code § 632 prohibits "intentionally and without the consent of all parties to a confidential communication," the "use[] [of] an electronic amplifying or recording device to eavesdrop upon or record the confidential communication."

69.    Section 632 defines "confidential communication" as "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto[.]"

70.    Plaintiff's and Class members' communications to Noom, including their sensitive personal and health information, such as information related to pre-existing health conditions, were

confidential communications for purposes of § 632, because Plaintiff and Class members had an objectively reasonable expectation of privacy in this data.

71.    Plaintiff and Class members expected their communications to Noom to be confined to Noom in part, due to the protected nature of the health information at issue.  Plaintiff and Class members did not expect third parties, like LinkedIn, to secretly eavesdrop upon or record this confidential information and their communications.

72.    LinkedIn's tracking technology, i.e., the LinkedIn Insight Tag, are all electronic amplifying or recording devices for purposes of § 632.

73.    By contemporaneously intercepting and recording Plaintiff's and Class members' confidential communications to Noom through this technology, LinkedIn eavesdropped and/or recorded confidential communications through an electronic amplifying or recording device in violation of § 632 of CIPA.

74.    At no time did Plaintiff or Class members consent to LinkedIn's conduct, nor could they reasonably expect that their communications to Noom would be overheard or recorded by LinkedIn.

75.    LinkedIn utilized Plaintiff's and Class members' sensitive personal and health information for its own purposes, including for targeted advertising.

76.    Plaintiff and Class members seek statutory damages in accordance with § 637.2(a) which provides for the greater of: (1) $5,000 per violation; or (2) three times the amount of damages sustained by Plaintiff and the Class in an amount to be proven at trial, as well as injunctive or other equitable relief.

77.    Plaintiff and Class members have also suffered irreparable injury from these unauthorized acts. Plaintiff's and Class members' sensitive data has been collected, viewed, accessed, stored, by LinkedIn, have not been destroyed, and due to the continuing threat of such injury, have no adequate remedy at law.  Plaintiff and Class members are accordingly entitled to injunctive relief.

## COUNT III
### Invasion of Privacy Under California's Constitution

78.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein and brings this count individually and on behalf of the members of the Class against Defendant.

79.     Plaintiff and Class members have an interest in: (1) precluding the dissemination and/or misuse of their sensitive, confidential communications and protected health information; and (2) making personal decisions and/or conducting personal activities without observation, intrusion, or interference, including, but not limited to, the right to visit and interact with various internet sites without being subjected to wiretaps without Plaintiff's and Class members' knowledge or consent.

80.     At all relevant times, by using the LinkedIn Insight Tag to record and communicate consumers' personal identifiers alongside their confidential medical communications, Defendant intentionally invaded Plaintiff's and Class members' privacy rights under the California Constitution.

81.     Plaintiff and Class members had a reasonable expectation that their communications, identities, health information, and other data would remain confidential, and that Defendant would not intercept such information communicated on www.noom.com.

82.     Plaintiff and Class members did not authorize Defendant to record and transmit Plaintiff's and Class members' private medical communications alongside their personally identifiable and health information.

83.     This invasion of privacy was serious in nature, scope, and impact because it related to consumers' private medical communications.  Moreover, it constituted an egregious breach of the societal norms underlying the privacy right.

84.     Accordingly, Plaintiff and Class members seek all relief available for invasion of privacy under the California Constitution.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A.   For a determination that this action is a proper class action;

B.   For an order certifying the Class, naming Plaintiff as representative of the Class, and naming Plaintiff's attorneys as Class Counsel to represent the Class;

C.   For an order declaring that Defendant's conduct violated the statutes referenced herein;

D.   For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

E.   For an award of compensatory damages, including statutory damages where available, to Plaintiff and the Class members against Defendant for all damages sustained as a result of Defendant's wrongdoing, in an amount to be proven at trial;

F.   For punitive damages, as warranted, in an amount to be determined at trial;

G.   For an order requiring Defendant to disgorge revenues and profits wrongfully obtained;

H.   For prejudgment interest on all amounts awarded;

I.   For injunctive relief as pleaded or as the Court may deem proper;

J.   For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

K.   For an order granting Plaintiff and Class members such further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and the proposed Class, demands a trial by jury for all of the claims asserted in this Complaint so triable.

1    Dated:  October 22, 2024              Respectfully submitted,

2                                          **BURSOR & FISHER, P.A**.

3                                          By: _____

4                                          Sarah N. Westcot (State Bar No. 264916)
5                                          701 Brickell Ave., Suite 2100
                                           Miami, FL 33131-2800
6                                          Telephone: (305) 330-5512
                                           Facsimile: (305) 676-9006
7                                          Email: swestcot@bursor.com

8
9                                          *Counsel for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td><i>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</i></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LINKEDIN CORPORATION,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
L.W.A., individually and on behalf of all others similarly situated,

E-FILED
10/22/2024 4:43 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
24CV450084
Reviewed By: M. Suarez
Envelope: 17050403

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>The name and address of the court is:<br><i>(El nombre y dirección de la corte es):</i> Superior Court of the State of California<br><br>County of Santa Clara. 191 North First Street, San Jose, CA 95113</td><td>CASE NUMBER:<br><i>(Número del Caso):</i><br><br>24CV450084</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sarah N. Westcot, Bursor & Fisher, P.A., 701 Brickell Avenue, Suite 2100, Miami, FL 33131, Tel.: (305) 330-5512

<table>
<tr><td>DATE:<br><i>(Fecha)</i> 10/22/2024 4:43 PM</td><td>Clerk of Court</td><td>Clerk, by<br><i>(Secretario)</i> M. Suarez</td><td>, Deputy<br><i>(Adjunto)</i></td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* LinkedIn Corporation

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

<table>
<tr><td>Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]</td><td>SUMMONS</td><td>Code of Civil Procedure §§ 412.20, 465<br><i>www.courts.ca.gov</i></td></tr>
</table>

**For your protection and privacy, please press the Clear This Form button after you have printed the form.** | Print this form | Save this form | Clear this form |

# Exhibit C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Sarah N. Westcot (State Bar No. 264916)<br>Bursor & Fisher, P.A., 701 Brickell Avenue, Suite 2100, Miami, FL 33131<br><br>TELEPHONE NO.: (305) 330-5512     FAX NO. : (305) 676-9006<br>EMAIL ADDRESS: swestcot@bursor.com<br>ATTORNEY FOR *(Name):* Plaintiff L.W.A. | *Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 10/22/2024 4:43 PM<br>Reviewed By: M. Suarez<br>Case #24CV450084<br>Envelope: 17050403* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME:
L.W.A. v. LinkedIn Corporation

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 24CV450084 |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [x] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Three
5. This case [x] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 22, 2024

Sarah N. Westcot
_____
(TYPE OR PRINT NAME)                              ► *Sarah N. Westcot* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]  [ Save this form ]  [ Clear this form ]

# Exhibit D

24CV450084
Santa Clara – Civil

R. Fleming

| Attorney or Party without Attorney:<br>Sarah N. Westcot (SBN 264916)<br>BURSOR & FISHER, P.A.<br>701 BRICKELL AVENUE SUITE 1420<br>MIAMI, FL 33131<br>Telephone No: 305-330-5512<br>Attorney For: Plaintiff | *For Court Use Only* |
|---|---|
| Ref. No. or File No.:<br>3268 Noom Wiretap | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 10/30/2024 4:20 PM<br>Reviewed By: R. Fleming<br>Case #24CV450084<br>Envelope: 17145637** |

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT FOR THE STATE OF CALIFORNIA COUNTY OF SANTA CLARA

*Plaintiff:* L.W.A., individually and on behalf of all others similarly situated
*Defendant:* LINKEDIN CORPORATION

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>24CV450084 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL LAWSUIT NOTICE; ADR INFORMATION SHEET

3.  *a.  Party served:*    LINKEDIN CORPORATION
    *b.  Person served:*    KOY SAECHAO, CSC LAWYERS INCORPORATING SERVICE, REGISTERED AGENT FOR SERVICE OF PROCESS

4.  *Address where the party was served:*    2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA 95833

5.  *I served the party:*

    a. **by personal service.**    I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Mon, Oct 28 2024 (2) at *(time)*: 01:50 PM

    (1)  [X]  (business)
    (2)  [ ]  (home)
    (3)  [ ]  (other) :

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [ ]    as an individual defendant.
    b.  [ ]    as the person sued under the fictitious name of *(specify)*:
    c.  [ ]    as occupant.
    d.  [X]    On behalf of *(specify)*:    LINKEDIN CORPORATION
        under the following Code of Civil Procedure section:
        [X]  416.10 (corporation)                      [ ]  415.95 (business organization, form unknown)
        [ ]  416.20 (defunct corporation)              [ ]  416.60 (minor)
        [ ]  416.30 (joint stock company/association)  [ ]  416.70 (ward or conservatee)
        [ ]  416.40 (association or partnership)        [ ]  416.90 (authorized person)
        [ ]  416.50 (public entity)                    [ ]  415.46 (occupant)
        [ ]  other:



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*12071200
(6145059)*
**Page 1 of 2**

| Plaintiff: L.W.A., individually and on behalf of all others similarly situated | Case Number: |
|---|---|
| Defendant: LINKEDIN CORPORATION | 24CV450084 |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
    a.  Name:                   Nancy Graddy
    b.  Address:             **FIRST LEGAL**
                                    1939 HARRISON STREET, SUITE 818
                                    OAKLAND, CA 94612
    c.  Telephone number:    (415) 626-3111
    d.  **The fee** for service was:  223.78
    e.  I am:
        (1)  ☐  not a registered California process server.
        (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
        (3)  ☒  a registered California process server:
            (i)  ☐ owner   ☐ employee  ☒ independent contractor
            (ii)  Registration No:  04-010, Placer County
           (iii)  County:  Placer

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

                                *N. Graddy*

10/28/2024
         *(Date)*                                     *Nancy Graddy*

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*12071200
(6145059)*
**Page 2 of 2**

# Exhibit E

1  | KEKER, VAN NEST & PETERS LLP
   | BENJAMIN BERKOWITZ - # 244441
2  | bberkowitz@keker.com
   | MATAN SHACHAM - # 262348
3  | mshacham@keker.com
   | CHRISTINA LEE - # 314339
4  | clee@keker.com
   | SPENCER MCMANUS - # 322824
5  | smcmanus@keker.com
   | ROBYN PARISER - # 335017
6  | rpariser@keker.com
   | JONHATAN A. ARAGON - # 338756
7  | jaragon@keker.com
   | 633 Battery Street
8  | San Francisco, CA 94111-1809
   | Telephone:    415 391 5400
9  | Facsimile:    415 397 7188

10 | Attorneys for Plaintiff L.W.A.

11

12 |            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13 |               IN AND FOR THE COUNTY OF SANTA CLARA

14 | L. W. A.,                                    Case No. 24CV450084

15 |              Plaintiff,              **NOTICE OF STIPULATION AND
   |                                      STIPULATION TO EXTEND TIME FOR
16 |         v.                           RESPONSIVE PLEADING**

17 | LINKEDIN CORPORATION,                Date Filed:  October 22, 2024

18 |              Defendant.              Trial Date:  None Set

19

20

21

22

23

24

25

26

27

28

---

2831413.v1

1    **PLEASE TAKE NOTICE THAT:**

2         Pursuant to California Rule of Court 3.110(d) and the Stipulation filed concurrently

3    herewith, Plaintiff L.W.A. ("Plaintiff") and Defendant LinkedIn Corporation ("Defendant")

4    hereby stipulate to a 15-day extension for Defendant to respond to the complaint in this action

5    (the "Complaint").

6         <u>**STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT**</u>

7         Plaintiff and Defendant, by and through their respective counsel of record, hereby

8    stipulate as follows:

9         WHEREAS, Plaintiff served the Complaint and Summons on Defendant on October 28,

10   2024;

11        WHEREAS, the parties have agreed to the 15-day extension provided by California Rule

12   of Court 3.110(d);

13        IT IS HEREBY STIPULATED that the deadline for Defendant to respond to the

14   Complaint is extended from November 27, 2024 to December 12, 2024.

15        **IT IS SO STIPULATED.**

16

17   Dated:  November 21, 2024                KEKER, VAN NEST & PETERS LLP

18

19                                    By:   */s/ Spencer McManus*
                                          SPENCER MCMANUS
20
                                          Attorneys for Defendant LINKEDIN
21                                        CORPORATION

22   Dated:  November 21, 2024                BURSOR & FISHER, P.A.

23

24                                    By:   */s/ Sarah Westcot*
                                          SARAH WESTCOT
25
                                          Attorneys for Plaintiff L.W.A.
26

27

28

2831413.v1

1

PROOF OF SERVICE

2

I am employed in the City and County of San Francisco, State of California in the office of a
member of the bar of this court at whose direction the following service was made. I am over the

3

age of eighteen years and not a party to the within action. My business address is Keker, Van
Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

4

5

On November 21, 2024, I served the following document(s):

6

**NOTICE OF STIPULATION AND STIPULATION TO EXTEND TIME
FOR RESPONSIVE PLEADING**

7

8

☑    by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct
copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported

9

as complete and without error.

10

Sarah N. Westcot                                 *Counsel for Plaintiff*
BURSOR & FISHER, P.A.

11

701 Brickell Avenue, Suite 2100

12

Miami, FL  33131-2800
Telephone:  (305) 330-5512

13

Facsimile:  (305) 676-9006
swestcot@bursor.com

14

15

Executed on November 21, 2024, at San Francisco, California.

16

I declare under penalty of perjury under the laws of the State of California that the above is true

17

and correct.

18

19

_Hattie W. Jones_
_____
Hattie W. Jones

20

21

22

23

24

25

26

27

28

1
PROOF OF SERVICE